ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG 23 PM 12: 35

CLERK J. Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JAMES M. WILLIAMS,            )
                              )
        Plaintiff,            )
                              )
v.                            )   CV 306-64
                              )
                              )
DOCTOR TANNER,                )
                              )
        Defendant.            )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a complaint under Title 42, United States Code, Section 1983. He is proceeding pro se and *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, the Court recommends that plaintiff's complaint be **DISMISSED**.

**I. BACKGROUND**

In his complaint, plaintiff alleges that he visited defendant, a doctor, on March 26,

2006, for an eye exam. He alleges that, during the visit, defendant rubbed his leg and made other gestures of a sexually suggestive nature toward plaintiff. When plaintiff asked defendant what he was doing, defendant allegedly responded, "This is how we do it at Wheeler."

## II. DISCUSSION

### A. Exhaustion

Title 42, United States Code, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, Title 42, United States Code Section 1997e(c)(1) provides that the Court shall dismiss any action brought under Section 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); see also Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under § 1997e).

Furthermore, the Eleventh Circuit Court of Appeals has held that as a result of the PLRA, Section 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and

effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998); Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), cert. denied, 126 S. Ct. 2978 (U.S. June 30, 2006) ("This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). The Court no longer has discretion to waive the exhaustion requirement.[1] Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).

Moreover, to exhaust his claims properly, an inmate must satisfy any and all procedural requisites, including administrative deadlines. Woodford v. Ngo, 126 S. Ct. 2378, 2006 WL 1698937, at * 2-4 (U.S. June 22, 2006); Johnson, 418 F.3d at 1154. If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Woodford, 2006 WL at *12-13; Johnson, 418 F.3d at 1159; see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies."); Salas v. Tillman, No. 05-10399, 162 Fed. Appx. 918, 920, 2006 WL 122426,

---

[1]Suits regarding "prison conditions" include claims "with respect to the conditions of confinement or the effects of action by government officials on the lives of persons confined in prison." Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000)(per curiam). Accordingly, Plaintiff's complaints concerning Defendant Tanner's behavior are subject to the administrative exhaustion requirements.

at *2 (11th Cir. Jan. 17, 2006) (per curiam) ( "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'"). In addition, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000)(per curiam); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

Under the Georgia Department of Corrections Standard Operating Procedure ("SOP") IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. This informal grievance must be filed no later than ten (10) calendar days from the date the prisoner knew or should have known about the facts forming the basis for the grievance, and inmates housed in isolation and segregation areas are provided informal grievances by the staff assigned to those areas. SOP IIB05-0001 § VI(B)(4), (5). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13). If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). The Grievance Coordinator may waive the time limit for good cause. Id.

Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the

4

Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). Moreover, if the Warden/Superintendent exceeds the designated response time, the inmate may appeal his grievance to the Commissioner's Office. Id. § VI(A)(11).

In this case, plaintiff alleges that he attempted to file an informal grievance, but he was told that his grievance was out-of-time. By virtue of his failure to file his informal grievance in a timely manner, or even to attempt to show cause for such failure through the filing of out-of-time grievance, plaintiff has not complied with procedural rules governing prisoner grievances. Under prevailing Eleventh Circuit precedent, e.g., Harper, 179 F.3d at 1312, and the Supreme Court's recent decision in Woodford, plaintiff accordingly has failed to exhaust his administrative remedies, and therefore fails to state a claim on which relief can be granted. His complaint should be dismissed on this ground.

### B. Constitutional Injury

Plaintiff's claims may alternatively be dismissed because it does not appear that he has alleged an injury of constitutional magnitude. Relief under Section 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under Section 1983 for mental or emotional injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

5

without a prior showing of physical injury."); see Vinyard v. Wilson, 311 F.3d 1340, 1348 n.13 (11th Cir. 2002) (listing decisions involving de minimis injury). Inasmuch as plaintiff has not alleged a physical injury or threat of physical injury resulting from the conditions of his confinement, the Court does not find that he has stated a viable claim for relief under Section 1983.

### III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies and has otherwise failed to state a ground on which Section 1983 relief may be granted. His complaint should accordingly be **DISMISSED**, and this civil action should be **CLOSED**.

SO REPORTED AND RECOMMENDED this 23rd day of August, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE